IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN
        Plaintiffs                  Case No. 1:24-cr-00115-HYJ

V                                     Hon. HALA Y. JABOU
                                       Chief District Cout Judge

BRIAN WILLIAM KEELY,
       Defendant
_____/
**ORONDE C. PATTERSON (P 57211)**
**ERIKA A. TUSAR (P 56831)**
**JOHN S. PALLAS (P 42512)**
**RICHARD L. CUNNIGHAM (P 29735)**
Assistant Attorneys General
Michigan Department of Attorney General
Criminal Division
Cadillac Building
3030 W. Grand Blvd
Suite 10-200
Detroit, MI 48202
(313) 456-0180
Pattersono@michigan.gov
Tusare@michigan.gov
Pallasj@michigan.gov
Cunninghamr@michigan.gov
_____/
**MARC E. CURTIS (P 59274)**
Attorney for Defendant
800 E. Ellis Road
Norton Shores, MI 49441
(231) 375-0971
Mcurtis@defenderoftheblue.com
_____/

**PEOPLE'S MOTION FOR A PROTECTIVE ORDER AND IDENTITY OF THE DEFENSES EXPERT INREGARDS TO THE INSPECTION OF THE VEHICLE**

        NOW COME the **MICHIGAN DEPARTMENT OF ATTORNEY GENERAL**, by and through, Attorney General DANA M. NESSEL, and Assistant Attorney's General Oronde Patterson (P57211) and Erika Tusar (P56831), and

pursuant to Fed. R. Crim. P. 16(d)(1), request a protective order that requires the defense to disclose the name of their expert and his/her curriculum vitae *prior to* any inspection of the vehicle at issue in this case and states the following:

1. On March 28, 2025 - the defense filed a motion requesting a subpoena to inspect a key piece of evidence at 12:28 pm with the Court. That request indicated that the defense wanted to conduct the inspection at 1:00 pm that same day.
2. Defendant did not give the People any warning or an advanced copy of the filing at any point but instead sandbagged the People with the last-minute filing.
3. The People very quickly filed a very short response, requested to be heard before the Court made a ruling and requested that the inspection be adjourned.
4. The People were almost done expanding a response when the Court issued its order on Defendant's motion (filing 64, 65 and 66).
5. Court issued its order on Defendant's motion that Court permission was not necessary for the defense to obtain a subpoena, and the People could object if the defense obtains a subpoena for the Clerk of the Court.
6. Based on the behavior exhibited by the defense the People fear another sandbagging attempt at the last moment by the defense as it relates to an anticipated subpoena.
7. The People are now requesting a protection order under Fed. R. Crim. P. 16(d)(1) in order to maintain the integrity of the vehicle, which is a key piece of evidence in this case.
8. The People are also asking for the basic information on the defense expert prior to any inspection/examination of the vehicle by the defense expert.
9. The defense has misled this Court with respect to the attempted negotiations for the inspection of the vehicle by the defense.
10. The People and Defense have been discussing and negotiating this issue since December 23, 2024.
11. The People suggested that the People's expert be present when the defense expert did his review and just wanted to know who defense expert was, a copy of his/her curriculum vitae and what inspection the defense expert wanted to perform. The defense would not supply the information.[1] No date was set at that time for an inspection.
12. On March 4, 2025, the People received an email where defense stated its expert would be in town on March 28, 2025.

---

[1] Emails on 12/23/24 document the discussion between the parties for the inspection and are available for review.

13. At that time, the People again asked for the name of the defense expert, copy of the curriculum vitae and what the expert wanted to do as part of the inspection on this key piece of evidence.
14. On March 13, 2025, the People again asked the defense for the name of the expert and the type of inspection the defense expert wanted to perform.
15. The People tried to explain to the defense that the chain and custody requirements and maintaining the integrity of the evidence were the primary concerns with respect to this key piece of evidence.
16. The defense responded with "He [the defense expert] will be making an internal and external examination of the vehicle, a download of the EDR (event date recorder), a 3 D scan of the interior and exterior scan of the vehicle and any other data he deems appropriate to collect from the vehicle.  We are sure the integrity of the vehicle will be preserved especially with the presence of Al Avery (the People's expert)"[2]
17. Expert Avery was just requested to observe while the defense expert conducted his inspections.  Avery was not authorized to put any stipulations on the defense expert's inspection.  That would be between the parties to discuss and if the parties could not agree, then the Court would need to intervene.
18. On March 17, 2024, the inspection scheduled for March 28, 2025, was cancelled, and an email was sent to the defense.[3]
19. During a subsequent phone call between defense counsel Curtis and prosecutor Tusar, the People asked for the name of the defense expert and again expressed their concerns about maintaining the integrity of the evidence, chain and custody concerns and the vagueness of "anything defense expert deems appropriate in his inspection." The discussion didn't go well, and the People asked that defense counsel respond in writing.
20. In an email dated March 17, 2025, defense demanded that the inspection take place on March 28, 2025, and wanted a response by 5:00 pm to confirm it.
21. The People responded at 11:08 pm and again asked for the name of the expert and the current curriculum vitae and again explained the need for the information as requested since December.  The People indicated that if this was not acceptable to the defense, it should file a motion with the Court requesting the court to allow an unnamed stranger with unknown credentials in an unknown field to inspect a key piece of evidence in this case.

---

[2] Emails on 3/13/24 document the discussion between the parties.
[3] Emails on 3/17/25 document the discussion between the parties.

22. To be perfectly clear, *the People have no objection to a defense inspection of the vehicle.* The People have relayed this point repeatedly to the defense. The People are simply asking for basic information about the defense expert so that the integrity of the evidence can be maintained.
23. Originally the Court gave us a scheduling Order where the parties were to discuss the issue for the trier of fact.
24. The People have an interest in preserving the vehicle as is.
25. Respectfully, this dispute could have easily been resolved long before defendant's filing on March 28, 2025, which was less than thirty minutes before the time the defense originally for the defense inspection.

**WHEREFORE** People respectfully ask that the defense disclose the basic information on their expert and a protective order that maintains proper preservation on a key piece of evidence.

Respectfully submitted,

_____
Oronde Patterson (P57211)
First Assistant Attorney General
Criminal Trials Division